UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL CLARK, JR.,

        Petitioner,

v.                                             Case No. 08-11016
                                             Honorable John Corbett O'Meara

BLAINE LAFLER,

        Respondent.
                                             /

**OPINION AND ORDER (1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

## I. Introduction

Petitioner Paul Clark, Jr., a state inmate, currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner was convicted of (1) first-degree felony murder, MICH. COMP. LAWS § 750.316, and, (2) felony firearm, MICH. COMP. LAWS § 750.227b. He was sentenced to life imprisonment for the first-degree-felony-murder conviction and the mandatory two-year imprisonment for the felony-firearm conviction.

In his pleadings, Petitioner alleges that his due process rights were violated when the trial court failed to instruct the jury on the essential elements of the necessarily-included-lesser-second-degree-murder charge. Respondent argues in its answer that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner, in his reply to Respondent's answer, contends that equitable tolling should apply because he can establish his actual innocence.

For the reasons stated below, the Court denies Petitioner's petition for failure to comply

with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

Petitioner's convictions arise from the shooting death of Trifu Vasilije, on February 16, 1987, during an alleged armed robbery. Mr. Vasilije, a white man, left Ted's Bar in Detroit, Michigan, along with an African-American woman, around 9:00 p.m., that evening. The couple was apparently followed by an unidentified African-American man. After an investigation, Petitioner's name was given to the Detroit Police as the perpetrator of the crime. Several individuals, who witnessed the incident, identified Petitioner as the shooter. Petitioner was identified by his gait–he is bowlegged and walks with a limp. The woman, who was with Mr. Vasilije, walked away from the incident and was never identified.

On November 18, 1987, following a jury trial in Detroit, Michigan, Recorder's Court, Petitioner was convicted of the above-stated charges. For those respective convictions, on December 4, 1987, Petitioner was sentenced to (1) life imprisonment for the first-degree-felony-murder conviction and, (2) the mandatory sentence of two-years imprisonment for the felony-firearm conviction.

Subsequently, Petitioner, through counsel, filed his appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. The trial court improperly denied a directed verdict motion.
>
> II. The trial court's admonishment to the jury regarding a witnesses' reference to [Petitioner's] other alleged criminal activity was insufficient.
>
> III. The trial court improperly admitted identification testimony.

IV. The trial court erred by allowing the State to reopen its proofs.

V. The evidence was insufficient to sustain the first-degree-felony-murder conviction.

Along with Petitioner's appeal, appellate counsel also filed a motion for a remand to the trial court for the purpose of filing a motion for a new trial on the basis of newly discovered evidence. The newly discovered evidence consisted of two letter from inmates, William Taylor and James Bennett, who claimed that another inmate by the name of Alex Scott told them that he (Alex Scott) was the shooter in this case.

On March 7, 1989, the Michigan Court of Appeals, while retaining jurisdiction, remanded
the case to the trial court, for an evidentiary hearing, to determine if those letters constituted newly discovered evidence. On remand, the trial court denied the motion for a new trial.

Following, on March 1, 1990, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Paul Clark*, No. 106497 (Mich.Ct.App. March 1, 1990). Petitioner then filed an application for leave to appeal from that decision in the Michigan Supreme Court, raising the same claims as raised in the Michigan Court of Appeals. The Michigan Supreme Court denied Petitioner's application on October 30, 1990. *People v. Paul Clark*, ___ Mich. ___, ___ N.W.2d ___ (1990).

Then, on August 30, 1991, Petitioner filed a motion for relief from judgment, pursuant to M.C.R. 6.500 *et. seq.*, based again on newly discovered evidence. On December 2, 1992, the trial court denied the motion; the trial court noted that the issue was already decided on remand.

On October 1, 1993, Petitioner filed a second motion for relief from judgment based on

the ground that the State's failure to endorse and produce an alleged *res gestae* witness warranted a new trial. That motion was denied on November 15, 1993. On December 23, 1993, Petitioner's motion for reconsideration from that decision was also denied.

Then almost twelve years later, on April 29, 2005, Petitioner, through counsel, filed a third motion for relief from judgment, raising the following: (1) newly discovered evidence demonstrated his actual innocence; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; and, (4) the trial court failed to instruct the jury on any of the essential elements of the necessarily-lesser-included-second-degree-murder offense. Petitioner also argued "good cause" for failure to raise those claims on appeal, and "actual prejudice" from the irregularities in the criminal process. The trial court denied Petitioner's third motion for relief from judgment as to all grounds except the jury-instruction claim–claim 4. The trial court found that Petitioner was denied due process to a fair trial with regard to that error because trial counsel was ineffective for failing to object to the jury instruction and appellate counsel was ineffective for failing to raise that issue on appeal. The State appealed that decision.

Subsequently, on February 13, 2007, the Michigan Court of Appeals, in a published opinion, reversed the trial court's decision granting Petitioner's third motion for relief from judgment on the jury-instruction claim. *People v. Paul Clark*, 274 Mich. App. 248, 732 N.W.2d 605 (2007). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on July 18, 2007. *People v. Paul Clark*, 479 Mich. 851, 734 N.W.2d 212 (2007). Petitioner also filed a motion for reconsideration, which was denied on September 10, 2007. *People v. Paul Clark*, 480 Mich. 864, 737 N.W.2d 732 (2007).

Following, on March 3, 2008, Petitioner filed his petition for a writ of habeas corpus in

this Court, challenging his convictions and sentences on the following ground:

> I. Petitioner was deprived of his liberty without due process of law and denied his right to a fair trial where the Michigan trial court completely failed to instruct the jury during his first-degree-felony-murder trial as to any of the essential elements of a necessarily-included-lesser-second-degree-murder charge.

### III. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, where a petitioner appeals to the Michigan Supreme Court, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." *See* Rule 13(1), Supreme Court Rules. The one-year habeas statute of limitations commences running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. However, tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run."

*Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *See also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001). This is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Recently, the United States Supreme Court has held that, after completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007).

However, where a newly enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run must be given a reasonable time to file suit. *Ochoa v. Hernandez*, 230 U.S. 139 (1912). The Sixth Circuit has held that it is reasonable to allow such a litigant the benefit of a one-year grace period. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999).

In this case, therefore, Petitioner's habeas claims became subject to the AEDPA on April 24, 1996, when the act was signed into law. Accordingly, Petitioner had one year from April 24, 1996–or until April 24, 1997–to file his habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Here, the Court finds that Petitioner did not file a timely habeas petition. With regard to the statute of limitations, Petitioner was required to file his habeas petition on or before April 24,

1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). As stated, the limitations period may be tolled by a properly filed motion for post-conviction review. *Artuz*, 531 U.S. at 8; 28 U.S.C. § 2244(d)(2). Petitioner filed two post-convictions motions prior to the enactment of the AEDPA, which had no effect on the statute of limitations. Petitioner, however, filed a third motion for relief from judgment but not until April 29, 2005, eight years after the statute of limitations had expired. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state-court-post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Against that backdrop, the Court finds that Petitioner's 2005 state-post-conviction proceedings did not toll the running of the statute of limitations. Petitioner's application for writ of habeas corpus, signed March 4, 2008, was filed almost eleven years after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

However, Petitioner contends that the Court should invoke the doctrine of equitable tolling in his case. In his pleadings, Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claim is based upon newly-recognized constitutional rights. He does, however, assert that he is actually innocent. Petitioner has attached two affidavits to support that contention–one from Robert Lee, and another one from

Winton Miller.

## B. Equitable Tolling

Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling because the affidavits establish a credible claim of his actual innocence.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be granted

sparingly." *Dunlap*, 250 F.3d at 1008. The decision whether to equitably toll a period of

limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

### C. Petitioner's Claim of Actual Innocence

Petitioner argues that he has made a credible showing of actual innocence, and equitable tolling should be applied to allow consideration of his constitutional claims.

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence. Petitioner argues that the affidavits demonstrate his actual innocence. However, the Court finds that Mr. Lee's affidavit is not a sworn affidavit but rather, it is an unsworn, un-notarized statement purportedly written by Mr. Lee. Moreover, the alleged statement by Mr. Lee attempts to establish that Winton Miller told him (Mr. Lee) that he (Mr. Miller) did the actual shooting. The affidavit from Mr. Miller, which appears to be a sworn affidavit, points to one named Alex Scott, as the actual shooter.

The Court finds the affidavits to be inconsistent. Furthermore, the issue has been ruled upon in Petitioner's prior motions for relief from judgment.

In this case, the Court finds that Petitioner does not present new evidence that raises sufficient doubt about his guilt or that undermines confidence in the result of his trial. The Court therefore finds that equitable tolling is not warranted based upon his claim of actual innocence, and that Petitioner has failed to establish that he is entitled to equitable tolling of the one-year limitations period. The Court finds that Petitioner's petition for writ of habeas corpus was not timely filed. Petitioner's petition is denied.

### IV. Conclusion

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of

the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. There, no appeal is warranted. *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Date: October 17, 2008

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 17, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager