UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL CLARK, Jr.,

        Petitioner,

v.    CASE NO. 5:08-CV-11016
     HONORABLE JOHN CORBETT O'MEARA
SHERRY BURT,    UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING IN PART PETITIONER'S RULE 60(D) MOTION FOR RELIEF FROM JUDGMENT, AND (3) TRANSFERRING IN PART THE MOTION FOR RELIEF FROM JUDGMENT [DKT. # 14] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

## I. Introduction

In 2008, petitioner filed a petition for writ of habeas corpus, challenging his 1987 convictions out of Detroit Recorder's Court for first-degree felony murder and felony-firearm. This Court denied the petition on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Clark v. Lafler*, No. 08-11016, 2008 WL 4630747 (E.D. Mich. Oct. 17, 2008); *appeal dism.* No. 08-2479 (6th Cir. Apr. 6, 2009).

Petitioner has filed a Rule 60(d) motion for relief from judgment.

For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court denies in part the motion for relief from

judgment. The Court further orders that the motion for relief from judgment be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

## II. Discussion

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

Petitioner claims in his Rule 60(d) motion for relief from judgment that the Wayne County Prosecutor, in their answer to the petition for writ of habeas corpus, committed a fraud upon this Court in attempting to rebut any argument by petitioner that he was actually innocent of the crimes, so as to toll the limitations period. Petitioner points to the Assistant Wayne County Prosecutor's argument in his answer that Roger Estelle had testified at trial that he had witnessed petitioner shoot the victim. Petitioner claims that Mr. Estelle's trial testimony was false because Mr. Estelle did not implicate petitioner in his initial statement to the police the day after the shooting, but instead blamed the shooting on another man, Winton Miller. Petitioner further claims that the Wayne County Prosecutor suppressed Mr. Estelle's initial statement to the police, dated March 3, 1987, in which he implicated another suspect in the murder. Petitioner further claims that the Wayne County Prosecutor in the answer to the petition submitted false evidence by referring to the testimony of Edward Davis, who testified at trial that he had seen petitioner rob and kill the victim. Petitioner claims that Mr. Davis' trial testimony was

2

false because he initially testified that he had seen petitioner three or four times with Mr. Estelle but on cross-examination Mr. Davis admitted that he had only seen petitioner in the neighborhood on one occasion. Petitioner also notes that Mr. Davis never reported the incident to the police. Petitioner further claims that Mr. Estelle's mother, Ms. Connie Mae Estelle, testified falsely at petitioner's trial when she denied that she was aware that her son had told the police that Mr. Miller was the shooter and denied that this man walked with a limp. Petitioner also appears to argue that Mr. Davis' testimony is false becuase he testified that he saw petitioner shoot and kill a white man but the medical examiner's report indicated that the victim was African-American.

In his motion for relief from judgment, petitioner asks this Court to set aside the judgment and order denying the petition for writ of habeas corpus and permit him to add claims that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83, 87 (1963) by concealing exculpatory evidence and that trial counsel was ineffective for failing to put forward a valid defense.

**A. The motion for an independent action under Fed. R. Civ. P. 60(d) is denied.**

Petitioner claims that he is entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(d) because the Wayne County Prosecutor committed a fraud upon this Court by relying on perjured testimony to rebut petitioner's argument that he was entitled to tolling of the limitations period because he was actually innocent of the crimes charged.

"The 'indisputable elements' of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a

good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law." *Mitchell v. Rees*, 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Fed. R. Civ. P. 60 is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id,* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d) for several reasons.

First, petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had several opportunities to bring the allegations of perjury and his alleged actual innocence to the attention of this Court and the Sixth Circuit. *See Mitchell*, 651 F. 3d at 598-99. In his initial petition for writ of habeas corpus, petitioner noted that Mr. Estelle, Ms. Estelle, and Mr. Davis did not name petitioner as the shooter in their initial statements to the police. Petitioner further alleged that it was only after Mr. Estelle was sent to prison on a felony charge that he incriminated petitioner. Petitioner further

noted that even after Mr. Estelle and Mr. Davis changed their stories and implicated petitioner, their two stories were inconsistent with one another. *See* Petition for Writ of Habeas Corpus, pp. 4-5 [Dkt. # 1]. Later, in attempting to excuse a potential procedural default of his jury instruction claim, petitioner argued that he was actually innocent based upon the fact that Mr. Estelle and his mother had fabricated their testimony and Mr. Davis could only identify petitioner by a limp, which was actually consistent with Mr. Estelle's initial identification of Winton Miller as the perpetrator, because this man had a limp. *Id;* pp. 28-29. In his reply to the Wayne County Prosecutor's answer, petitioner argued that the limitations period should be tolled based on his actual innocence. Petitioner again argued that he was actually innocent because Mr. Estelle first told a friend that Winton Miller committed the crime and only later changed his story. Petitioner also noted that Ms. Estelle had changed her story. Petitioner also indicated that in 2000 a man named Robert Lee had signed a statement implicating Winton Miller as the shooter while Mr. Miller signed a statement in 1996 indicating that Alex Scott was the shooter and Mr. Estelle was with Mr. Scott when he shot the victim. See Reply, pp. 2-6 [Dkt. # 6].

     This Court rejected petitioner's actual innocence claim when denying the petition for writ of habeas corpus. *See Clark v. Lafler*, 2008 WL 4630747, at * 5-6. In denying petitioner a certificate of appealability, the Sixth Circuit likewise concluded that petitioner failed to make a colorable showing of actual innocence so as to excuse the untimely filing of his habeas petition. *See Clark v. Lafler*, No. No. 08-2479, * 4 (6th Cir. Apr. 6, 2009).

Because petitioner had an opportunity to argue that the alleged perjury of the prosecution witnesses established his actual innocence, so as to toll the limitations period, he cannot bring an independent action under Rule 60(d). *See Mitchell*, 651 F. 3d at 598-99.

Secondly, petitioner has failed to show that a fraud was been committed upon the court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky*, 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit for two reasons.

The first problem with petitioner's "fraud on the court" argument is that other than his conclusory assertions, petitioner has presented no evidence to this Court that the Wayne County Prosecutor's Office carried out a deliberate or reckless fraud on the federal district court, so as to entitle him to relief from judgment pursuant to Rule 60(b)(3) based upon a fraud committed upon this Court. *See Alley v. Bell*, 392 F. 2d 822, 831 (6th Cir. 2004). Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971). Mere inconsistencies in a witness' testimony do not establish the

knowing use of false testimony by the prosecutor. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury either. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003)(citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)). Petitioner merely points to the fact that the witnesses changed their stories or that their testimony was inconsistent with one another. This, in and of itself, is insufficient to establish that the witnesses committed perjury. More importantly, petitioner's perjury allegation fails because he has failed to show that the prosecutor knew that the witnesses testified falsely on this matter. *See Rosencrantz v. Lafler,* 568 F. 3d 577, 587 (6th Cir. 2009).

    Secondly, petitioner's motion for relief from judgment, in which he alleges that the witnesses committed perjury at his state trial, in reality amounts to a second or successive habeas petition because although petitioner alleges a fraud upon the court, the witnesses testified only in state court, not before the federal district court. Even assuming that these witnesses committed perjury, the fraud would have been perpetrated against the state court, not the federal court. *Thompkins v. Berghuis*, 509 Fed. Appx. 517, 519 (6th Cir. 2013). Petitioner fails to show that there was any willful deceit or intentional action on the part of the Wayne County Prosecutor in permitting the testimony of Mr. Estelle, Ms. Estelle, and Ms. Davis in state court to become part of the record in federal court. Petitioner cannot establish fraud on the court and is simply attempting to get a second opportunity to have the merits of his case determined favorably. Petitioner's Rule 60(d)

motion is simply an attack on the state court's judgment of conviction and should properly be considered a second or successive habeas petition. *Id.* at pp. 519-20. The motion for an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d) is denied.

### B. The Court orders the Clerk of the Court to transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the

interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

When a habeas petitioner files what purports to be a motion to amend to a habeas petition, a federal court "must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). Petitioner is seeking in his motion for relief from judgment to raise new claims for relief, namely, his *Brady* and ineffective assistance of counsel claims. All of these claims are second or successive claims for habeas relief that this Court lacks jurisdiction to review in the absence of authorization from the Sixth Circuit. *Id.* at 323. "A post-judgment motion to amend or Rule 60(b) motion that raises habeas claims is a second or successive petition when that motion is filed after the 'petitioner has lost on the merits and exhausted her appellate remedies.'" *Id.* (quoting *Clark v. United States*, 764 F. 3d 653, 658 (6th Cir. 2014)). Petitioner already was denied relief on his original claim and has exhausted his appellate remedies with respect to this petition. Petitioner's motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from

9

judgment to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III. Conclusion

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The motion for relief from judgment [Dkt. # 14] is **DENIED IN PART**.

(3) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 14] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

s/John Corbett O'Meara
United States District Judge

Date: May 25, 2016

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 25, 2016, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager